UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

October 2008 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SA CR 09-0081(A) |
| | ) | |
| Plaintiff, | ) | F I R S T |
| | ) | S U P E R S E D I N G |
| v. | ) | I N D I C T M E N T |
| | ) | |
| JARED TORNOW, | ) | [18 U.S.C. § 371: Conspiracy; |
| | ) | 18 U.S.C. § 1341: Mail Fraud; |
| Defendant. | ) | 18 U.S.C. § 1028A: Aggravated |
| | ) | Identity Theft; 18 U.S.C. |
| | ) | § 1029: Access Device Fraud; |
| | ) | 26 U.S.C. § 7201: Attempt to |
| | ) | Defeat or Evade Tax] |
| | ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

I.   INTRODUCTION

1.   At all times relevant to this Indictment, Lucrativo Real Estate Solutions Inc. ("Lucrativo") was a mortgage brokerage company operated by defendant JARED TORNOW ("TORNOW") and Mikhail Kosachevich ("Kosachevich") in Orange, California,

within the Central District of California.  Jeffrey Gerken ("Gerken") was an employee at Lucrativo.

2.  As a mortgage brokerage company, Lucrativo obtained funding from lenders for individuals purchasing or refinancing a home ("the borrowers").

II.  OBJECT OF THE CONSPIRACY

3.  Beginning on a date unknown to the Grand Jury but as early as in or around January 2005 and continuing through in or around December 2006, in Orange County, within the Central District of California, and elsewhere, defendant TORNOW, together with others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed to commit mail fraud, in violation of Title 18, United States Code, Section 1341.

III.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

4.  The object of the conspiracy was carried out, and was to be carried out, in substance, as follows:

a.  Defendant TORNOW and Kosachevich would solicit the borrowers and assist them in obtaining financing for a home loan.

b.  The borrowers would submit information and documents regarding their income, assets, and employment to defendant TORNOW and Kosachevich.

c.  Defendant TORNOW, Kosachevich, and Gerken would inflate the borrowers' income and assets on loan applications therefore leading the lenders to believe the borrowers were creditworthy.

d.  In order to substantiate these false statements,

2

defendant TORNOW, Kosachevich, and Gerken would obtain from co-conspirators and create fraudulent W-2 forms, paycheck stubs, bank statements, verification of employment forms, verification of income forms, and verification of deposit forms.

        e.  Defendant TORNOW, Kosachevich, and Gerken would compile the loan applications and fraudulent documents and cause the applications and documents to be submitted to lenders.

    5.  Relying on defendant TORNOW's, Kosachevich's, and Gerken's false statements and submission of fraudulent documents, lenders issued more than $40,000,000 in residential loans.

    6.  Defendant TORNOW, Kosachevich, and Gerken collectively received hundreds of thousands of dollars in commissions and payments from loans that were funded based on false statements and the submission of fraudulent documents.

IV.  OVERT ACTS

    7.  In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendant TORNOW, Kosachevich, Gerken, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, including but not limited to the following:

    OVERT ACT NO. 1.: On or about September 22, 2006, defendant TORNOW caused fraudulent W-2 forms, a fraudulent earnings statement, a fraudulent verification of rent form, and a loan application that falsely stated J.M.'s income to be submitted to ResMae Mortgage Corporation in Brea, California.

    OVERT ACT NO. 2.: On or about September 26, 2006, Kosachevich created fraudulent bank statements and caused the

3

fraudulent bank statements and a loan application that falsely stated P.R.'s true income to be submitted to ResMAE Mortgage in Brea, California.

OVERT ACT NO. 3.: On or about October 6, 2006, Gerken caused fraudulent W-2 forms, a fraudulent earnings statement, and a loan application that falsely stated P.D.'s true income to be submitted to New Century Mortgage in Irvine, California.

OVERT ACT NO. 4.: In or around October 2006, defendant TORNOW caused fraudulent W-2 forms, a fraudulent earnings statement, a fraudulent verification of rent form, and a loan application that falsely stated M.W.'s income to be submitted to Fremont Investment & Loan in Anaheim, California.

OVERT ACT NO. 5.: In or around November 2006, defendant TORNOW caused fraudulent W-2 forms, a fraudulent earnings statement, fraudulent bank statements, and a loan application that falsely stated D.J.'s income to be submitted to ResMae Mortgage Corporation in Brea, California.

4

COUNTS TWO AND THREE

[18 U.S.C. § 1341]

I.   <u>THE MAIL FRAUD SCHEME</u>

8.   The allegations of paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference as though set forth in full.

9.   Beginning in or around January 2005, and continuing through in or around December 2006, in Orange County, within the Central District of California, and elsewhere, defendant JARED TORNOW, aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud ResMae Mortgage Corporation as to material matters, and to obtain money and property from ResMae Mortgage Corporation by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

II.   <u>THE MAILINGS</u>

10.   On or about the dates set forth below, within the Central District of California and elsewhere, defendant TORNOW for the purpose of executing the above-described scheme to

///
///
///
///
///
///
///
///

5

defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the directions thereon:

| COUNT | DATE | ITEMS MAILED |
|-------|------|--------------|
| TWO | 9/25/06 | A Deed of Trust for 16434 Inyo Street, La Puente, California was mailed from the Los Angeles County Recorder's Office in Norwalk, California to ResMae Mortgage Corporation, 6 Pointe Drive, Brea, California. |
| THREE | 12/11/06 | A Deed of Trust for 7248 Cambria Circle, Orange, California was mailed from the Orange County Recorder's Office in Santa Ana, California to ResMae Mortgage Corporation, 6 Pointe Drive, Brea, California. |

6

COUNT FOUR

[18 U.S.C. § 1029]

11.   Beginning on or about October 5, 2006 and continuing through on or about October 27, 2006, in Orange County, within the Central District of California, and elsewhere, defendant JARED TORNOW, in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud used an unauthorized access device as defined in 18 U.S.C. § 1029(e)(1) and (3), specifically American Express card number XXXX XXXXXX 11001, and by such conduct from on or about October 5, 2006 through on or about October 27, 2006 obtained things of value, their value together totaling $1,000 or more.

COUNT FIVE

[18 U.S.C. § 1028A]

12.   On or about September 28, 2006, in Orange County, within the Central District of California, and elsewhere, defendant JARED TORNOW, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, M.T.'s social security number, during and in relation to access device fraud, a felony violation of Title 18, United States Code, Section 1029(a)(2), as charged in Count Four, above.

COUNTS SIX THROUGH NINE

[26 U.S.C. § 7201]

13.   During calendar years 2002, 2003, 2004, and 2005 defendant JARED TORNOW ("TORNOW"), while residing in Orange County, within the Central District of California, had and received taxable income that he earned as a mortgage broker, upon which he owed the United States income tax, and knowingly and willfully attempted to evade and defeat the payment of income tax by concealing and attempting to conceal from all proper officers of the United States his true and correct taxable income through the following means, among others:

a.   Defendant TORNOW, who was not a licensed mortgage broker or real estate agent in California, acted as a mortgage broker and submitted loan packages to mortgage lenders.  Because defendant TORNOW was unlicensed, defendant TORNOW submitted the loan packages to lenders using the name of licensed mortgage brokers.

b.   After a loan funded and escrow closed, the escrow company issued a commission check in the name of the licensed mortgage broker's company and reported the payment to the IRS under that company's name.

c.   Defendant TORNOW obtained the commission check from the escrow company and cashed the check at Check Cashing ETC. In order to cash the commission check, defendant TORNOW created a fictitious business name that was similar to the company whose name appeared on the commission check.  Defendant TORNOW then established check cashing privileges with Check Cashing ETC. for a fictitious business and cashed the check.

9

14.   Defendant TORNOW engaged in the above activities, among the reasons, in an attempt to conceal and disguise the receipt of his earnings as a mortgage broker and mislead the Internal Revenue Service and other governmental authorities.

15.   Defendant TORNOW failed to file with the Internal Revenue Service on or before April 15, 2003 an income tax return for calendar year 2002; on or before April 15, 2004 an income tax return for calendar year 2003; on or before April 15, 2005 an income tax return for calendar year 2004; and on or before April 15, 2006 an income tax return for calendar year 2005; as

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

10

he knew was required by law.  Defendant TORNOW had and received
the following taxable income, that he earned as a mortgage
broker, upon which he owed the United States the following
income tax:

| COUNT | DATE | INCOME | TAX LOSS |
|-------|------|--------|----------|
| SIX | 2002 | $185,830.13 | $62,746 |
| SEVEN | 2003 | $386,010.29 | $132,202 |
| EIGHT | 2004 | $250,524.59 | $82,861 |
| NINE | 2005 | $131,127.29 | $45,544 |

TRUE BILL

\S\
_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office

JOSEPH T. MCNALLY
Assistant United States Attorney

11